(7/93)

# United States District Court
## for the
# District of Alaska
### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Linda M. Greene                     Case Number: A02-0005 CR (HRH)

Sentencing Judicial Officer:      H. Russel Holland, Senior U.S. District Court Judge

Date of Original Sentence:        August 22, 2002

Original Offense:                 False Declarations, 18 U.S.C. § 152(3); Concealing Assets, 18 U.S.C. § 152(1)

Original Sentence:                Five months custody and three years supervised release

Date Supervision Commenced:       March 7, 2006

Asst. U.S. Attorney: Todd Mikolop                     Defense Attorney: Michael Dieni

---

### PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

Violation Number     Nature of Noncompliance

1                    The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on July 12, 2006, the defendant submitted a urine sample positive for amphetamine. This violation is a Grade C violation.

2                    The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that on August 4, 2006, the defendant failed to appear for a scheduled urinalysis test. This violation is a Grade C violation.

*Petition for Warrant or Summons*
*Name of Offender      :      Linda M. Greene*
*Case Number           :      A02-0005 CR (HRH)*

| | |
|---|---|
| 3 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on August 7, 2006, the defendant submitted a urine sample positive for amphetamine. This violation is a Grade C violation. |
| 4 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on September 26, 2006, the defendant admitted to being drunk. This violation is a Grade C violation. |
| 5 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that on September 26, 2006, the defendant refused to submit to urinalysis testing at the direction of the probation officer. This violation is a Grade C violation. |
| 6 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on September 26, 2006, the defendant was arrested and charged with a count of Driving While Intoxicated and a count of Refusal to Submit to Chemical Test. This violation is a Grade C violation. |
| 7 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on September 26, 2006, the defendant was in possession of a glass pipe used for smoking marijuana. This violation is a Grade C violation. |

*Petition for Warrant or Summons*
Name of Offender      :      *Linda M. Greene*
Case Number           :      *A02-0005 CR (HRH)*

U.S. Probation Officer Recommendation:

    The term of supervised release should be:

        [X]    Revoked
        [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

                                                        Respectfully submitted,

                                                        REDACTED SIGNATURE

                                                        Chris Liedtke
                                                        U.S. Probation/Pretrial Services Officer
                                                        Date: September 27, 2006

Approved by:

REDACTED SIGNATURE
Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X]    *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    Other:

*Petition for Warrant or Summons*
Name of Offender    :   Linda M. Green
Case Number         :   A02-0005 CR (1

**REDACTED SIGNATURE**

H. Russel Holland
Senior U.S. District Court Judge

9/27/2006
Date


**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
### for the
# DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case Number: A02-0005 CR (HRH) |
| vs. | ) | DECLARATION IN SUPPORT OF PETITION |
| | ) | |
| Linda M. Greene | ) | |

I, Chris Liedike, on behalf of Michael Pentangelo who is the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised release for Linda M. Greene, declare as follows:

The defendant was sentenced to 5 months custody and 3 years supervised release on August 22, 2002 subsequent to a conviction for Concealing assets and false Declarations, in violation of 18 USC 153(3) and 18 USC 152(1). Special conditions imposed at sentencing include home detention via electronic monitoring for 8 months; drug treatment and testing; and to return seized property in bankruptcy case if requested to do so by the government.

The defendant commenced supervised release on February 20, 2003.

The defendant completed home detention via electronic monitoring on November 17, 2003.

On April 12, 2006, a Petition for Warrant for Offender Under Supervised Release was filed due to an alleged violation of the defendant's supervised release, in that on April 4, 006, the defendant provided a urine sample that tested positive for cocaine.

On April 13, 2006, the Court issued a warrant for the defendant's arrest and the defendant was arrested on April 14, 2006.

On April 17, 2006, an Initial Appearance on Petition to Revoke Supervised Release was held before Magistrate Judge Roberts. The defendant was released on personal recognizance with a condition for drug testing 3x per week.

On April 24, 2006, the defendant admitted to the allegation in the petition before Judge Roberts. Bail was continued pending disposition.

On June 1, 2006, the defendant appeared before your Honor for a Disposition hearing. The

defendant's disposition was held in abeyance providing that she gain admission into the Genesis Recovery Services within seven days and she continue with urinalysis testing three times a week. On June 8, 2006, the defendant began treatment services at Genesis Recovery Services.

On July 8, 2006, the defendant completed treatment at Genesis Recovery Services and was discharged from the program.

On July 12, 2006, the defendant submitted a urine sample that tested positive for methamphetamine (specimen no. C00466792), which has been confirmed by Scientific Testing Laboratories, Inc. as positive for amphetamine with a nanogram level of 835.

On July 19, 2006, the defendant appeared before your Honor for a Final hearing regarding Revocation of Supervised Release. The Court dismissed the Petition to Revoke Supervised Release without prejudice and continued supervised release until March 2007.

On August 2, 2006, the defendant provided a dilute urine sample.

On August 4, 2006, the defendant failed to report for a scheduled urinalysis test.

On August 7, 2006, the defendant submitted a urine sample that tested positive for methamphetamine (specimen no. C00466818), which has been confirmed by Scientific Testing Laboratories, Inc. as positive for amphetamine with a nanogram level of 5,000.

On September 13, 2006, the defendant provided a dilute urine sample.

On September 19, 2006, the defendant provided a dilute urine sample.

On September 25, 2006, the defendant provided a dilute urine sample.

On September 26, 2006, this probation officer received a message from an individual informing me that the defendant's son had gone to this individuals home telling her that the defendant had been drinking all night. This individual stated that she gave money to the defendant's son to buy food for the defendant, but when he got to the defendant's residence, she had left and her vehicle was gone. The individual stated that they had call the Anchorage Police Department to report that the defendant was driving while intoxicated. This officer later spoke with this individual and she reported that the defendant was back home and that the defendant is worried because she is to report for drug testing.

At approximately 4:50pm, the defendant appeared in the U.S. Probation/Pretrial Services Office to provide a urine sample. The defendant had a strong odor of alcohol on her breath, with slurred speech, and staggered walk. The defendant was brought back to the testing laboratory and informed that before providing a urine sample, she was to submit to a breathalizer to determine her blood alcohol level. The defendant refused to submit to the breathalizer and refused to submit a urine sample. The defendant admitted to being "drunk" and to driving to the U.S. Probation/Pretrial Services Office on several occasions and continuously stated that she wanted to go home, but would not relinquish the keys to her vehicle. The defendant was very

agitated and often times yelling at the probation officers.

This office contacted the Anchorage Police Department (APD) and informed them of the situation. APD officers arrived at the U.S. Probation/Pretrial Services Office and the defendant was subsequently arrested. When the APD officers attempted to place the defendant in handcuffs, she resisted and after being placed in handcuffs, continued to resist the officers directions. The defendant has been charged with Driving While Intoxicated and Refusal to Submit to Chemical Test and being held at the Anchorage Jail with bail set at $2,500 cash with a third-party custodian required.

This officer contacted the individual who reported the defendant drinking and she provided a description of the vehicle the defendant was driving, a silver Jeep with a red door. This officer searched the street area outside the building and observed a silver Jeep parked on 7th Avenue. This officer, accompanied by an APD officer, viewed the Federal building security tapes of 7th Avenue where said vehicle was parked. This officer observed said vehicle driving east on 7th Avenue and park along the street. The defendant was observed getting out of the vehicle and walk to the Federal building and observed entering the Federal building.

This officer searched the defendant's vehicle, a silver Jeep with a red door, with the assistance of an APD officer, and this officer observed a glass pipe, with black residue in the "bowl" area, which the APD officer informed is a type of glass pipe commonly used to smoke marijuana. This officer observed several pieces of mail addressed to the defendant located on the floor of the vehicle.

Executed this 27th day of September, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

____REDACTED SIGNATURE____
Chris Liedike
U.S. Probation Officer